UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO B. TARANGO,<br>    Plaintiff,<br>        v.<br>WILLIAM KNIPP, et al.,<br>    Defendants. | Case No. 13-cv-01544-JST<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 1 |

This is a federal habeas corpus action filed under 28 U.S.C. § 2254 by Ernesto Tarango, a state prisoner who is represented by an attorney. Tarango's petition is now before the Court for review under 28 U.S.C. § 2243. The filing fee has been paid.

I.    **BACKGROUND**

According to the petition, in 2009, a Santa Clara County Superior Court jury convicted Tarango of two counts of committing a lewd or lascivious act on a child; one count of aggravated sexual assault on a child; and three counts of committing a lewd or lascivious act on a child by force, violence, or duress. Tarango was sentenced to 15 years to life in connection with the count of aggravated sexual assault on a child and 26 years total in connection with the remaining counts. Tarango admits in his petition that he has not exhausted his state remedies.

II.    **DISCUSSION**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

    Here, petitioner's grounds for relief are that defense counsel rendered ineffective assistance by failing to object when some of the counts were tried in Santa Clara County; by failing to make proper objections to the prosecution's medical experts; by failing to call any medical experts to rebut the prosecution's experts; and by failing to object to petitioner wearing a surgical mask during trial.  When liberally construed, these claims appear to be cognizable on federal habeas review.  As such, summary dismissal of the petition is not appropriate.

    The petition is subject to dismissal on another ground, however, namely Tarango's failure to exhaust his state remedies.

    A prisoner in state custody who wishes to challenge in federal habeas proceedings either the fact or length of his confinement is required to first exhaust his state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in federal court.  See 28 U.S.C. § 2254(b)-(c).  If a petitioner fails to exhaust all available state remedies with respect to the claims asserted in his federal habeas petition, then the district court must either dismiss the petition or stay the petition to permit the petitioner to exhaust his state remedies.  Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  A district court may stay a petition, however, only when the petitioner establishes good cause for failing to exhaust his claims in state court, shows that his claims are potentially meritorious, and his federal habeas petition is asserts a combination of exhausted and unexhausted claims.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Petitions that assert exhausted and unexhausted claims are referred to as "mixed" petitions.

    Here, Tarango admits that he has not exhausted his state remedies, which renders his petition subject to dismissal for lack of exhaustion.  It is unclear from the petition which, if any, of the six claims he asserts in the federal habeas petition were exhausted in state court.  Without this information, the Court cannot determine whether the petition merits consideration of a stay as a

mixed petition. Additionally, while the Court finds that the claims presented are potentially meritorious, petitioner has failed to make a showing of good cause for his failure to exhaust the claims prior to filing the instant petition. Accordingly, Tarango shall show cause why this action should be stayed pending the exhaustion of his state remedies. In his response to this order, Tarango shall identify the claims that remained unexhausted at the time he filed his federal habeas petition and shall make a showing of good cause for his failure to exhaust his claims prior to filing the federal habeas petition.

### III.  CONCLUSION

Tarango shall show cause in writing within 30 days of the date this order is filed why this action should be stayed pending the exhaustion of his state remedies, as described above. A failure to file a timely response will result in the dismissal without prejudice of the instant petition for failure to exhaust state remedies.

**IT IS SO ORDERED.**

Dated: January 14, 2014

JON S. TIGAR
United States District Judge